**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**ELIZABETH ROBEY,**

        **Plaintiff,**

**-vs-**           Case No. **2:07-cv-706-FtM-34DNF**

**THE DISTRICT SCHOOL BOARD OF**
**COLLIER COUNTY, FLORIDA,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **THE DISTRICT SCHOOL BOARD OF COLLIER COUNTY, FLORIDA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 6)** |
| **FILED:** | **November 5, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    The Defendant, The District School Board of Collier County, Florida is requesting that the Court dismiss the Plaintiff, Elizabeth Robey's Complaint pursuant to Fed.R.Civ.P. 12(b) for failing to state a claim upon which relief may be granted. The Plaintiff responds that the Complaint is sufficient. This action was originally filed in the Circuit Court of the 20th Judicial Circuit in and for Collier County, Florida, and was removed on October 30, 2007. The Motion to Dismiss was referred to this Court by


Order (Doc. 31) entered on May 28, 2008, by the Honorable Marcia Morales Howard, United States District Judge for a report and recommendation.

## I. Standard for Motion to Dismiss

In deciding a motion to dismiss, all of the factual allegations in the complaint must "be accepted and construed in the light most favorable to the plaintiff." *Young Apartments, Inc. v. Town of Jupiter, Fla.*, __ F.3d __, 2008 WL 2277521 (11th Cir. 2008) (citing *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). The merits of the case are not tested on a motion to dismiss, rather a court must consider whether the "plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Mills v. Foremost Ins. Co.,* 511 F.3d 1300, 1303 (11th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, __. U.S. __, 127 S.Ct. 1955, 1965 (2007)).

## II.     Allegations in the Complaint

The Plaintiff is bringing a one count Complaint for retaliation under the Family and Medical Leave Act ("FLMA"), 29 U.S.C. §2611 *et al.* The Plaintiff alleges that on April 10, 2007, she was employed as the Sunrise-Sunset Program Specialist at Osceola Elementary School in Naples, Florida. (Com[1]. ¶6). She applied for Family and Medical Leave on March 28, 2007, which was granted on April 10, 2007. (Com. ¶7,8). On April 10, 2007, the Plaintiff was recommended for termination and she was terminated on April 19, 2007. (Com. ¶9, 13). However, on April 20, 2007, the Plaintiff was approved for Family and Medical Leave at a School Board meeting. (Com. ¶10). The Plaintiff alleges that she was eligible and qualified to take Family and Medical Leave, but as a result of taking this leave, she was terminated from her position. (Com. ¶11, 12, 13).

---

[1] "Com." refers to the Complaint (Doc. 2).

### III. Analysis

The Defendant asserts that the Plaintiff has failed to state a claim for retaliation under the FLMA. To allege a claim under the FLMA for retaliation if a plaintiff has no direct evidence of an employer's discriminatory intent, the plaintiff must show the following to establish a *prima facie case*: "'(1) he engaged in statutorily protected activity; (2) he experienced an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action.'" *Daugherty v. Mikart, Inc.*, 205 Fed.Appx. 826, 827 (11th Cir. 2006) (quoting *Hurlburt v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006)).

Generally, notice pleading is all that is required for a valid complaint. *Lombard's Inc. v. Prince Mfg., Inc.,* 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986). Federal Rule of Civil Procedure 8(a)(2) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In the instant case, the Plaintiff alleges that she is a covered employee under the FMLA, that she was terminated, and that her termination was the result of her taking leave under the FMLA. The Plaintiff has alleged the three elements needed for a claim for retaliation under FMLA. While not a model complaint for a claim for retaliation under the FMLA, it does satisfy the notice pleading requirements of the Federal Rules of Civil Procedure.

The Court determines that the Plaintiff does state a cause of action upon which relief may be granted. Therefore, the Court respectfully recommends that the Motion to Dismiss (Doc. (Doc. 6) be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __12th__ day of June, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record